CARL A. HOLLENDER, PLAINTIFF-APPELLANT, v. ADOLF
HOLLENDER, DEFENDANT-RESPONDENT.

Argued May 4, 1937—Decided July 7, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *William Cohen.*

PER CURIAM.

Plaintiff-appellant sued defendant-respondent for $250, balance of a loan of $400 admittedly made by plaintiff to defendant. Defendant counter-claimed in the sum of $125 for an automobile, alleged to have been sold by defendant to plaintiff.

At the trial, there was no dispute as to plaintiff's claim in the sum of $250, the only dispute being as to circumstances attending the delivery of the automobile. Defendant contended that he sold the car to plaintiff and that it was reasonably worth $125. Plaintiff asserted that his brother, the defendant, gave him the automobile and that there was no question of payment therefor involved in the transaction.

The trial judge found upon the counter-claim for defendant, which resulted in a judgment for plaintiff for $125, being the claim of $250 less the sum of $125, found to be the reasonable value of the automobile. Plaintiff appeals.

One of the grounds of appeal is that defendant never had a bill of sale for the automobile and that, therefore, the

defendant did not prove ownership of it, and that, as we gather from the appellant's brief, defendant is not entitled to be compensated for the automobile unless he had a bill of sale in his name and transferred it by bill of sale to plaintiff.

The fact is that the plaintiff received a bill of sale, apparently in due form, from the owner thereof, one George Johnson, with all prior bills of sale attached. Defendant testified that he was taking the automobile back from Johnson because of non-payment of the amount due him from Johnson, but to avoid another bill of sale, he had title made direct from Johnson to plaintiff. He testified as to his interest in the car and that it was reasonably worth $125. We see no legal error in the admission of this testimony, nor in the finding of the trial judge that defendant would be entitled to be paid for the car, although the legal title, under the statute, did not pass through him to plaintiff.

The only other question involved was one of fact for the trial judge as to whether defendant gave the automobile to plaintiff or sold it to him. We cannot say, from a reading of all of the testimony, that the conclusion reached by the trial judge was not reasonably supported by the evidence.

Judgment affirmed, with costs.